**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

IN RE; ANC RENTAL CORPORATION, et al.,

    Debtors.

---

ANC RENTAL CORPORATION, et al.,

    Appellant

v.

DALLAS COUNTY, et al.,

    Appellees.

Civil Action No. 04-1430 (GMS)

Bankruptcy Case No. 01-11200

---

**APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
HONORABLE MARY F. WALRATH**

---

**BRIEF OF APPELLEE DALLAS CENTRAL APPRAISAL DISTRICT**

---

Brian A. Sullivan (No. 2098)
Amy D. Brown (No. 4077)
WERB & SULLIVAN
300 Delaware Ave., 13th Floor
(P. O. Box 25046)
Wilmington, Delaware 19899
Telephone: (302) 652-1100
Facsimile: (302) 652-1111 [facsimile]

AND

Mike M. Tabor
SHANNON, GRACEY, RATLIFF & MILLER, L.L.P.
500 North Akard Street, Suite 2500
Dallas, Texas 75201
Telephone: (214) 245-3090
Facsimile: (214) 245-3097

ATTORNEYS FOR APPELLEE, DALLAS CENTRAL
  APPRAISAL DISTRICT

**TABLE OF CONTENTS**

A.  Appellate Jurisdiction ........................................................................................................1

B.  Statement of the Issues......................................................................................................1

   1.  Did the Bankruptcy Court err in Failing to Grant Dallas Central Appraisal
       District's ("DCAD" Motion to Dismiss?..................................................................1

   2.  Did the Bankruptcy Court err in Granting DCAD's Motion to Abstain?................1

C.  Statement of the Facts.......................................................................................................1

D.  Argument ..........................................................................................................................2

   1.  Grounds for Dismissal .............................................................................................2

   2.  Grounds for Abstention............................................................................................5

# TABLE OF AUTHORITIES

**Cases:**

*In re Blue Cactus Post, L.C.*, 229 B.R. 379 (Bankr. N. D. Tex. 1999)..........................................3, 4

*In re Crest-Mex Corp.*, 223 B. R. 681, 684 (Bankr. S.D. Tex. 1998)......................................2, 3, 5

*Metromedia Fiber Network Inc. v. Various State and Local Taxing Authorities*,
    299 B.R. 251 (S.D.N.Y. 2003)..................................................................................................5

**Rules:**

Federal Rule of Bankruptcy Procedure 21........................................................................................2

Federal Rule of Bankruptcy Procedure 7021....................................................................................2

Federal Rule of Bankruptcy Procedure 8001....................................................................................1

Federal Rule of Civil Procedure 19 ..................................................................................................2

**Statutes:**

11 U.S.C. 505 .........................................................................................................................1, 2, 4, 5

28 U.S.C. 157(b)(2) .......................................................................................................................1, 2

28 U.S.C. § 158(a) ............................................................................................................................1

28 U.S.C. § 1334(c) ..........................................................................................................................5

Tex. Tax Code Ann. § 1.04...............................................................................................................2

Tex. Tax Code Ann. § 1.15...............................................................................................................2

Tex. Tax Code Ann. § 6.01(b)..........................................................................................................2

Tex. Tax Code Ann. § 6.05(c)..........................................................................................................2

Tex. Tax Code Ann. § 6.06...............................................................................................................5

Tex. Tax Code Ann. § 6.061.............................................................................................................5

Tex. Tax Code Ann. § 31.01(a)........................................................................................................2

### A. APPELLATE JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001.

### B. STATEMENT OF THE ISSUES

1.  Did the Bankruptcy Court err in failing to grant Dallas Central Appraisal District's ("DCAD") Motion to Dismiss?

2.  Did the Bankruptcy Court err in granting DCAD's Motion to Abstain?

### C. STATEMENT OF FACTS

The 11 U.S.C. 505 complaint against DCAD is not a core proceeding under 28 U.S.C. 157(b) (2). It is not a matter concerning the administration of the estate under subsection (A), it is not a proceeding identified in subsections (B)-(N), and it is not a proceeding affecting the adjustment of the debtor-creditor relationship under subsection (O) because DCAD does not levy or collect taxes and has no claims for unpaid taxes owed by the Debtor.

DCAD is merely charged by the Texas Property Tax Code (the "Tax Code") with the function of appraising the value of property and not with the levy or collection of taxes. The only parties who can provide complete relief to the Debtor for re-determining the taxes are the taxing authorities that are owed the taxes, and under the Tax Code, the power of DCAD to correct or amend the tax rolls has expired.

The taxing authorities that are owed taxes and can provide complete relief to the Debtor are Dallas County, City of Dallas, Dallas Independent School District, Dallas County Community College District and Parkland Hospital, and they have been included as parties to the adversary proceeding. DCAD has not filed proof of claim in this bankruptcy proceeding nor has it otherwise consented to the jurisdiction of the Court.

## D. ARGUMENT

### 1. GROUNDS FOR DISMISSAL

This Court lacks subject matter jurisdiction under 28 U.S.C. 157(b) (2), the Debtor has failed to state a claim for relief against DCAD, and the claims against DCAD should be dismissed. DCAD does not levy or collect taxes, TEX. TAX CODE ANN. § 6.01 (b), and DCAD cannot reduce any existing tax debts or refund any overpayments.

As to DCAD, the 11 U.S.C. 505 complaint is not a core proceeding under 28 U.S.C. 157(b) (2). It is not a matter concerning the administration of the estate under subsection (A), it is not a proceeding identified in subsections (B)-(N), and it is not a proceeding affecting the adjustment of the debtor-creditor relationship under subsection (O) because DCAD does not levy or collect taxes and has no claims for unpaid taxes owed by the Debtor. The claims against DCAD should be dismissed for lack of subject matter jurisdiction or for failure to state a claim for relief.

DCAD is not a proper or necessary party. Federal Rule 21 applies to adversary proceedings. Federal Rules of Bankruptcy Procedure 7021 provides that, while "[m]isjoinder of parties is not ground for dismissal of an *action*, [p]arties may be dropped or added by order of the court on motion of any party. . . on such terms as are just." DCAD is only charged under Texas law with the function of appraising the value of property, TEX. TAX CODE ANN. §§ 6.01 and 6.05(c) (Vernon Supp. 2002) ("Code"), not the assessment, levy or collection of taxes. *In re Crest-Mex Corp.*, 223 B. R. 681, 684 (Bankr. S.D. Tex. 1998); *see also* Code § 1.04 (defining collector as the person responsible for collecting taxes), 1.15 (prohibiting tax assessors from employing appraisers), and 31.01(a) (providing that collectors are responsible for sending tax bills).

The Debtor seeks relief in the form of the reduction of existing tax debts or a refund of overpayments allegedly due to appraisal in excess of fair market value. Because DCAD does not levy or collect taxes, whatever complaint the Debtor may have with the taxing authorities can be completely resolved with them without the joinder of DCAD. Consequently, DCAD is an unnecessary party to this litigation.

In *In re Crest-Mex Corp.*, 223 B.R. at 683-84, taxing authorities recovered on their claims for unpaid taxes. The Chapter 11 debtor sued them together with the appraisal district and the appraisal review board, seeking a determination of the amount and legality of taxes on real property that the debtor contended had been valued excessively. The debtor sought to non-suit the appraisal district and the appraisal review board, but the taxing authorities opposed their dismissal on the grounds that they were mandatory parties under the state procedure for tax litigation. *Id.* at 683. Noting that state procedural law did not govern bankruptcy proceedings, the Bankruptcy Court rules that whether they should be dismissed was governed by FED. R. CIV. P. 19, which requires joinder if complete relief cannot be achieved and the absent party has an interest in the subject of the action. *Id.* at 684. The court concluded that the appraisal district and the appraisal review board did not meet the criteria of rule 19 by observing:

> The relief sought in the complaint is the adjudication of claims asserted by the [t]axing [a]uthorities. No relief is sought against DCAD and [the] A[ppraisal] R[eview] B[oard]. The DCAD and ARB are professionals who provide advice regarding the value of property. *The DCAD and ARB do not assess or collect taxes. The DCAD and ARB ha[ve] no interest in this suit* and complete relief can be afforded without their presence . . . .

*In re Crest-Mex, Inc.*, 223 B.R. at 884 (emphasis added).

Whether the appraisal district was an appropriate party to be joined in suits seeking reductions in taxes was also an issue in *In re Blue Cactus Post, L.C.*, 229 B.R. 379 (Bankr. N. D.

Tex. 1999). It was also resolved by dismissing the appraisal district from the adversary proceeding. In *Blue Cactus*, the debtor and the recipient of the debtor's property sued DCAD and Dallas County to obtain a determination of the fair market value of personal property in order to establish their liability for *ad valorem* taxes. *Id.* DCAD moved for dismissal from the suit, but Dallas County argued that it was a "necessary" party to the suit because only DCAD could change the taxable value of the property. *Id.* at 385-86. The court thoroughly rejected this contention and ruled that the Bankruptcy Court had full authority to determine the fair market value of the property in question and was not obliged to adhere to state procedural for determining that issue.

The Court explained that "this proceeding was not brought under the [Texas] Tax Code" but rather "under the Bankruptcy Code, which preempts state law and authorizes the [bankruptcy c]ourt to 'determine the amount or legality of any tax' ...." *Id.* at 386. In other words, the role of determining property values — which DCAD fulfills under Texas procedure — is relegated by federal statute in cases within the ambit of section 505 to the Bankruptcy Court. Recognizing this, the court in *Blue Cactus*, concluded that "DCAD is not a necessary party under Rule 19(a), and should be dropped from this adversary proceeding." 229 B.R. at 387. The result should be no different in this adversary proceeding.

Assuming for the sake of argument only that it applies in this case, section 505 also mandates the dismissal of DCAD as an unnecessary party because the Bankruptcy Court supplants its role. In addition, the concept of judicial economy also mandates that DCAD be dismissed. Dismissal of DCAD will substantially simplify the administration of this proceeding, and will not constrain the relief available to the debtor vis-à-vis the taxing authorities seeking to collect tax revenues.

Further, notions of comity dictate this result. DCAD is a public entity funded by tax dollars from the taxing authorities served by such appraisal district. *See* Code. §§ 6.06, 6.061 (providing for financing by taxing entities). Further, the expense incurred by DCAD by participating in this proceeding is one that cannot be shifted to the debtor. *In re Crest-Mex Corp.*, 223 B.R. at 683. For all of these reasons, DCAD should be dismissed from this suit as an *unnecessary* party.

## II. GROUNDS FOR ABSTENTION

Both 28 U.S.C. 1334(c) and 11 U.S.C. 505(a)(1) grant the Bankruptcy Court the authority to abstain from hearing a Section 505 claim. No claims are made by the Debtor that DCAD has acted in a manner which is arbitrary and capricious, discriminatory, or violative of state or local statutes or ordinances or that the Debtor has no practical redress for wrongdoing at the state or local level.

The Debtor merely asserts that their local property taxes are too high, and this Court should affirm the ruling of the Bankruptcy Court as was done in *Metromedia Fiber Network Inc. v. Various State and Local Taxing Authorities*, 299 B.R. 251 (S.D.N.Y. 2003).

WHEREFORE, DCAD prays for the Court to order its dismissal, for the Court to affirm the Bankruptcy Court Order granting DCAD's Motion to Abstain, and for such other relief as the Court may deem appropriate.

Respectfully submitted,

WERB & SULLIVAN

By: /s/ Brian A. Sullivan
Brian A. Sullivan (No. 2098)
Amy D. Brown (No. 4077)
300 Delaware Ave., 13th Floor
(P. O. Box 25046)
Wilmington, Delaware 19899
Telephone:    (302) 652-1100
Facsimile:    (302) 652-1111 [facsimile]

AND

Mike M. Tabor
SHANNON, GRACEY, RATLIFF & MILLER, L.L.P.
500 North Akard Street, Suite 2500
Dallas, Texas 75201
Telephone:    (214) 245-3090
Facsimile:    (214) 245-3097 [facsimile]

ATTORNEYS FOR APPELLEE, DALLAS CENTRAL APPRAISAL DISTRICT