UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

IN RE: ANC RENTAL CORPORATION, et al.,
           Debtors.

Bankruptcy Case No. 01-11200

ANC RENTAL CORPORATION, et al.,

           Appellant,

Civil Action No. 04-1430 (GMS)

V.

DALLAS COUNTY, et al.,

           Appellees.

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
HONORABLE MARY F. WALRATH

**Response Brief of Appellees Dallas County, City of Dallas, and Dallas ISD**

Theodore J. Tacconelli (No. 2678)
FERRY JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302)575-1555 Phone
(302)575-1714 Fax
Local Counsel for Appellees
Dallas County, City of Dallas, and Dallas ISD

Elizabeth Weller (Tex. Bar No. 00785514)
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
2323 Bryan St. #1600
Dallas, TX 75201
(469)221-5075 Phone
(469)221-5002 Fax
Counsel for Appellees
Dallas County, City of Dallas, and Dallas ISD          Dated: September 9, 2005

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .............................................................................. iii

A. Statement of Basis for Appellate Jurisdiction .............................................. 1

B. Statement of Issues Presented ...................................................................... 1

C. Standard of Review ...................................................................................... 2

D. Statement of Facts ....................................................................................... 2

E. Argument ..................................................................................................... 4

F. Conclusion ................................................................................................... 9

## TABLE OF AUTHORITIES

### Cases

Page

Brown v. Pennsylvania State Employees Credit Union, 851 F.2d 81, 84
(3rd Cir. 1988) ..................................................................................... 2

In re Continental Airlines, Inc., 218 B.R. 324, 328 (D. Del. 1997) .................. 2

In re Custom Distribution Services, Inc., 224 F.3d 235 (3rd Cir. 2000) .............. 8

Ernst & Young v. Motsumoto (In re United Ins. Managerial, Inc.),
14 F. 3d 1380, 1383 (9th Cir. 1994)................................................................... 1

J.P. Fyfe, Inc. of Florida v. Brado Supply Corp., 891 F.2d 66, 69 (3rd Cir. 1989)  2

In re Mantz, 343 F.3d 1207, 1215 (9th Cir. 2003) ............................................... 4

In re Metromedia Fiber Network, Inc., 299 B.R. 251 (Bankr. S.D. N.Y. 2003)..  4

Midland Asphalt Corp. V. United States, 489 U.S. 794, 798 (1989). .............. 1

In re New Haven Projects Ltd. Liability Co., 225 F.3d 283, 287-288
(2nd Cir. 2000) ..................................................................................... 4, 5

In re Quattrone, 895 F. 2d 921, 924 (3rd Cir. 1989) ........................................ 2

In re Swan, 152 B.R. 28 (Bankr. W.D. N.Y. 1992) ............................................. 5

In re Vertientes, Ltd., 845 F.2d 57, 59 (3rd Cir. 1988)......................................... 2

In re Williams, 190 B.R. 225 (Bankr. W.D. Pa. 1995) ......................................... 5

### Statutes

28 U.S.C. § 158(a) ............................................................................................... 1

Federal Rule of Bankruptcy Procedure 8001.......................................................... 1

11 U.S.C. § 505....................................................................................................... 4, 5

## A. Statement of Basis for Appellate Jurisdiction:

The United States District Court for the District of Delaware has appellate jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001. The Order issued by the Bankruptcy Court is a final order for purposes of appellate jurisdictions in that it disposed of all claims for relief set forth in ANC's adversary complaint. See Midland Asphalt Corp. V. United States, 489 U.S. 794, 798 (1989); Ernst & Young v. Motsumoto (In re United Ins. Managerial, Inc.), 14 F. 3d 1380, 1383 (9th Cir. 1994).

## B. Statement of Issues Presented:

1. Did the Bankruptcy Court err in granting DCAD's Motion to Abstain as to ANC's claim for determination of the amount of unpaid tax year 2001 taxes?

2. Did the Bankruptcy Court err in holding that determination of the market value of a single ANC rental car fleet at one airport location for a single tax year presented a complex tax issue for purposes of abstention analysis?

3. Did the Bankruptcy Court err in concluding that a trial of the market value of a single ANC rental car fleet at one airport location for a single tax year could be lengthy?

4. Did the Bankruptcy Court err in concluding that a trial of the market value of a single ANC rental car fleet at one airport location for a single tax year involved several debtors with complex asset and liability structures?

5. Did the Bankruptcy Court err in concluding that abstention from hearing ANC's request to determine the 2001 unpaid taxes left the Debtors with an alternative remedy?

6. Did the Bankruptcy Court err in concluding that trial of the market value of a single

1

ANC rental car fleet at one airport location for a single tax year, which would involve

determining the correct value of that single rental car fleet under the same market value standard

applied to other businesses assets under Texas law, would somehow jeopardize uniformity of

assessment regarding other taxpayers?

## C. Standard of Review:

Findings of fact by the Bankruptcy Court may be set aside only if clearly erroneous. The

Bankruptcy Court's legal conclusions are subject to plenary review, and Bankruptcy Court

decisions involving the court's exercise of discretion are reviewed for abuse of discretion. See

In re Quattrone, 895 F. 2d 921, 924 (3rd Cir. 1989); In re Continental Airlines, Inc., 218 B.R.

324, 328 (D. Del. 1997), citing Bankr. Rule 8013; J.P. Fyfe, Inc. of Florida v. Brado Supply

Corp., 891 F.2d 66, 69 (3rd Cir. 1989); Brown v. Pennsylvania State Employees Credit Union,

851 F.2d 81, 84 (3rd Cir. 1988); and In re Vertientes, Ltd., 845 F.2d 57, 59 (3rd Cir. 1988).

## D. Statement of Facts:

Appellant ANC Rental Corporation, et al. ("Debtors") filed voluntary petitions for relief

under chapter 11 of the Bankruptcy Code on November 13, 2001. On January 13, 2004, the

Debtors filed a complaint against Appellees Dallas County, City of Dallas and Dallas ISD

(collectively the "Tax Authorities") and Dallas Central Appraisal District ("DCAD") seeking a

determination of tax liability pursuant to Section 505 of the Bankruptcy Code. The Debtors

specifically asked the Bankruptcy Court to correct and reduce the amount of ad valorem property

taxes assessed against them for the 1999, 2000, and 2001 tax years. The Debtors also requested

2

an order directing the Tax Authorities to correct their respective tax rolls accordingly. The

Debtors argued that their business personal property taxes were based on erroneously high

valuations as a result of appraisals done by DCAD.

On February 12, 2004, the Tax Authorities filed their Joint Answer to Complaint. On

May 19, 2004, DCAD filed its Motion to Dismiss, Abstain or Transfer Adversary Proceeding,

and its supporting Memorandum of Law was filed May 24, 2004. On May 21, 2004, the Tax

Authorities filed their Joint Motion for Summary Judgment and a Memorandum of Law in

support thereof. On June 1, 2004, Debtors filed their Response to the Motions of the Tax

Authorities and DCAD, and the Tax Authorities filed a Response to DCAD's Motion. DCAD

filed a reply to the Debtors' Response on June 21, 2004. On October 8, 2004, the Bankruptcy

Court entered its Order Granting the Motion for Partial Summary Judgment and Granting in Part

and Denying in Part the Motion to Dismiss, Abstain or Transfer and Memorandum Opinion with

respect thereto. The Debtors/Appellants filed a timely notice of appeal.

In its Adversary Complaint, the Debtors sought to have the Bankruptcy Court redetermine

the taxes owed to the Dallas Tax Authorities for the 1999, 2000 and 2001 tax years on one

account. The Debtors contended they were entitled to relief on the basis that cars titled in states

other than Texas should not have been taxed in Texas and that rental vehicles were improperly

depreciated and should have been depreciated differently than other vehicles. These issues were

also presented in separate adversary proceedings filed against several other taxing authorities in

and around Harris County and Tarrant County, Texas. See ANC Rental Corporation v. Tarrant

County, et al., Bankruptcy Case No. 01-11200 and Adversary Proceeding No.04-51211,

subsequently on appeal and pending as Civil Action No. 04-1428; and ANC Rental Corporation

3

v. Harris County, et al., Bankruptcy Case No. 01-11200 and Adversary Proceeding No.03-53895,

subsequently on appeal as Civil Action No. 04-1430.[1]

**E. Argument:  The Bankruptcy Court properly determined that abstention was**
**appropriate in light of all the relevant factors.**

      1. The issues on appeal as set forth by the Debtors/Appellants (and restated herein above)

essentially restate the single issue: whether the Bankruptcy Court abused its discretion in

determining that it was appropriate to abstain from hearing this adversary proceeding in light of

all the relevant factors.[2]  Recently many courts have looked at the issue of when it is appropriate

to abstain from redetermining taxes pursuant to 11 U.S.C. § 505.  It is clear that where uniformity

of assessment is at issue, Bankruptcy Courts may exercise their right to abstain within their

discretion.  In re New Haven Projects Ltd. Liability Co., 225 F.3d 283, 287-288 (2nd Cir. 2000);

In re Metromedia Fiber Network, Inc., 299 B.R. 251 (Bankr. S.D. N.Y. 2003).  However, the

courts most recently considering the issue have found that abstention is appropriate in other

circumstances as well.  In re Mantz, 343 F.3d 1207, 1215 (9th Cir. 2003) (even where not barred

by res judicata, bankruptcy court can consider some or all of the reasons underlying the res

judicata doctrine when determining whether to abstain); In re New Haven Projects, 225 F.3d at

288 (abstention appropriate where general creditors will not benefit from tax redetermination).

---

      [1]The Harris County appeal was resolved and dismissed by agreement of the parties.

      [2]The Debtors/Appellants raise no issues with respect to the Court's Order granting the
Tax Authorities' Motion for Summary Judgment with respect to the 1999 and 2000 tax years.
Accordingly, and appeal with respect to those taxes are waived and no issues with respect thereto
will be discussed herein.

See also In re Williams, 190 B.R. 225 (Bankr. W.D. Pa. 1995)(bankruptcy court abstained where general creditors would not benefit from tax determination and debtor had engaged in forum shopping); In re Swan, 152 B.R. 28 (Bankr. W.D. N.Y. 1992) (where debtor had hired professional tax accountants to assist her but they failed to file documents correctly and redetermination would not benefit creditors, bankruptcy court found abstention appropriate).

2. A brief review of the issues discussed in the Bankruptcy Court's Memorandum Opinion shows that each and every conclusion is correct and its Order should be affirmed. The Bankruptcy Court correctly identified the six factors to be considered when determining whether to abstain in a proceeding seeking relief under 11 U.S.C. § 505(a). Those factors are (1) the complexity of the issues to be decided; (2) the need to administer the bankruptcy case in an orderly and efficient manner; (3) the burden on the court's docket; (4) the length of time which would be required for trial and decision; (5) the asset and liability structure of the debtor; and (6) any prejudice to the debtor and potential prejudice to the taxing authorities. In re New Haven Projects Ltd. Liability Co., 225 F.3d 283, 289 (2nd Cir. 2000); In re Williams, 190 B.R. 225, 228 (Bankr. W.D. Penn. 1995)(citations omitted).

3. With respect to the first issue, the Bankruptcy Court found that the tax issue is complex and would require an intensive review of the value of the property and the amount of taxes in question. The Bankruptcy Court was presented not with a simple matter of how much a car is worth (such is decided daily in Chapter 13 cases) but with issues which could have wide-ranging effect. While Debtors contend the tax issue is not complex, requiring only testimony from an expert witness, a review of the basis for relief shows the issue is far different than simple valuation. The Debtors challenge whether vehicles licensed outside Texas may be taxed in Texas

5

and whether rental cars should be valued differently than other vehicles. These issues involve

not only the cars owned by the Debtors at the location in question in this case, and those in the

other accounts of the Debtors challenged in the companion proceedings, but also raise questions

about how the vehicles of other rental car companies throughout Texas are valued, whether other

states tax vehicles licensed outside their boundaries, as well as the basic "market value" of each

vehicle assessed in the account. Evidence would be presented as to how numerous other tax

jurisdictions both within and outside Texas value such property. The Bankruptcy Court correctly

found that this adversary proceeding presented complex issues.

    4. The Bankruptcy Court found that as the Debtors had confirmed a plan, that hearing

these proceedings would not delay administration of the case but and found that the second factor

weighed in the Debtors' favor. Reasonably, the Debtors do not ask this Court to review the

Bankruptcy Court's findings on this issue. Although the Tax Authorities disagree with the

Bankruptcy Court's conclusion, they do not believe it weighs significantly against them and will

not ask this Court to review it.

    5. The Debtors also do not ask this Court to review the Bankruptcy Court's finding that

abstention would lessen its currently over-burdened docket. However, they do argue that the

burden on the Bankruptcy Court's docket would be "limited". The Tax Authorities disagree with

this conclusion. Given the novel legal issues presented, the Tax Authorities would expect

extensive briefing and pre-trial motions to be needed if this case is remanded. Further, although

the Debtors attempt to characterize this as a determination of a single account for a single tax

year, at the time the Bankruptcy Court ruled, there were several accounts and tax years in

question. The Harris County adversary proceeding involved at least three accounts for one tax

year, and the Tarrant County adversary proceeding involves one account but three tax years. The same legal issues were presented in all three cases, and as a ruling in one case could affect parties in the others, the Bankruptcy Court correctly anticipated that these adversary proceedings would take up a considerable amount of time on its docket.

6. Related to the burden these proceedings would place on the Bankruptcy Court's docket and its ability to expeditiously handle other cases, is the fourth issue to consider with respect to abstention - the length of time a trial would take. Again the Debtors argue this case presents a simple matter of determining the "market value" of a finite set of property in one location for one tax year. However that simply is not the relief which was requested of the Bankruptcy Court. It was asked to determine the method by which the Dallas Central Appraisal District, and hence all appraising jurisdictions in Texas, should determine the market value in Texas. A trial on such issues could reasonably be expected to be lengthy and involve numerous briefs, preliminary motions, and testimony of several expert witnesses. The Bankruptcy Court correctly found that the fourth factor weighed in favor of abstention.

7. The Debtors address the fifth abstention factor by stating that they are "unclear" as to how the "alleged complexity of the debtors' asset and liability structure plays into this single issue dispute." The Bankruptcy Court, of course, is much more familiar with the asset and liability structure of the Debtors than the Tax Authorities. However, given the number of subsidiary and related corporations involved in the bankruptcy case, and the fact that the complaint alleged that cars were titled in states other than Texas, it is conceivable that the ownership of certain vehicles could come into question, as well as whether other debtor entities are paying taxes on these cars in other states if, as the Debtors allege, the assessed entity should

7

not be paying taxes on them in Texas. This could also raise complex issues requiring significant amounts of evidence.

8. The Bankruptcy Court found that the Tax Authorities would be significantly prejudiced by having these tax issues determined by a court in Delaware. Since the relief sought by the Debtors is for the Bankruptcy Court to determine significant issues of Texas law, which would effect the valuation of not only the Debtors' property but arguably the valuation of every other car rental company operating in Texas, the Bankruptcy Court found that uniformity of assessment was an issue. Debtors argue that they were merely asking the Court to determine whether DCAD adhered to its "own state substantive legal standard in the appraising ANC's assets." However, since they raised the same issues with respect to the Harris County and Tarrant County appraising authorities also, which apparently appraised the rental property in a manner similar to DCAD, the real issue is whether all appraising entities in Texas are using the correct methodology. The Bankruptcy Court correctly determined that the appropriate courts to determine such a far-reaching issue are not in Delaware. If the Debtors wish to have decided the issues of whether cars titled outside Texas are taxable in the State and whether rental car inventory should be valued differently than other vehicles, they have an alternate forum in the courts of the State of Texas.

9. The Debtors/Appellants' final issue argued in their Brief (although not set forth in their Statement of Issues Presented) is whether the Bankruptcy Court mis-applied the Third Circuit's decision in In re Custom Distribution Services, Inc., 224 F.3d 235 (3rd Cir. 2000), to its requests for redetermination of unpaid taxes. A review of the Bankruptcy Court's opinion shows that only requests for relief with respect to the 1999 and 2000 taxes, which were paid pre-

8

petition, were denied on the basis that refunds were not properly requested pursuant to applicable

Texas law as required by <u>Custom Distribution</u>.  The request for relief with respect to the 2001

taxes (the only unpaid tax year in question) was denied solely on the basis that the Bankruptcy

Court found it was appropriate for it to abstain from deciding the issues presented.


**F. Conclusion:**

The Bankruptcy Court did not abuse its discretion in deciding to abstain from

redetermining the taxes owed by the Debtors/Appellants with respect to the 2001 tax year.

Accordingly, the Bankruptcy Court should be affirmed.

Respectfully Submitted,

Elizabeth Weller
Tex. Bar No. 00785514
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan St. #1600
Dallas, TX 75201
469/221-5075 Phone
Counsel for Appellees Dallas County, City
of Dallas, and Dallas ISD

-and-

Theodore J. Tacconelli (No. 2678)
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302)575-1555
Local Counsel for Appellees Dallas County,
City of Dallas, and Dallas ISD

Dated September 9, 2005

9

## CERTIFICATE OF SERVICE

I, Theodore J. Tacconelli, certify that I am not less than 18 years of age, and that service of the foregoing Brief was made on September 9, 2005, upon the following parties in the manner indicated:

## BY FACSIMILE AND FIRST CLASS MAIL

Brian A. Sullivan, Esq.
Amy D. Brown, Esq.
Werb & Sullivan
300 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Joseph Grey, Esq.
Thomas G. Whalen, Jr., Esq.
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801

Mike Tabor, Esq.
Shannon, Gracey, Ratliff & Miller, LLP
500 North Akard Street, Suite 2575
Dallas, TX 75201

Joseph M. Harrison IV, Esq.
J. M. Harrison & Associates
1009 C Street, Suite 200
Floresville, TX 78114

Under penalty of perjury, I declare that the foregoing is true and correct.

Theodore J. Tacconelli (No. 2678)