IN THE UNITED STATES COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ANC RENTAL CORPORATION., et al., ) | Adv. Pro. No. 04-51204 (MFW) |
| ) | |
| Appellant, ) | Civil Action No. 04-1430 (GMS) |
| ) | |
| v. ) | |
| ) | |
| DALLAS COUNTY, et al., ) | |
| ) | |
| Appellees. ) | |

## ORDER

1. On January 13, 2004, ANC Rental Corporation ("ANC" or the "appellants") filed a complaint in the United States Bankruptcy Court for the District of Delaware against Dallas County, Dallas Central Appraisal District ("DCAD"), Dallas County Community College District, Parkland Hospital, City of Dallas, and Dallas Independent School District (collectively, "the defendants") seeking a determination of tax liability pursuant to Section 505 of the Bankruptcy Code. ANC asked the Bankruptcy Court to correct and reduce the amount of tax assessed against them for the tax years 1999 through 2001, alleging that their taxes for those years were based on erroneously high valuations of the personal property owned by them as a result of appraisals done by DCAD.

2. The defendants filed a motion for partial summary judgment, requesting dismissal of ANC's claims seeking to recover for the tax years 1999 and 2000. DCAD additionally filed a Motion to Dismiss, Abstain, or Transfer.

3. The Bankruptcy Court granted the motion for partial summary judgment and dismissed the claims based on the 1999 and 2000 tax years. The Bankruptcy court denied DCAD's motion to dismiss, but granted its motion to abstain and dismissed ANC's complaint in its entirety. ANC filed this appeal on November 8, 2004.

4. The factual background of this action is set forth in the Bankruptcy Court's Memorandum Opinion and will not be repeated. (See D.I. 2 Ex. 16, at 2.)

5. The court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a) (2004). In reviewing a case on appeal, the Bankruptcy Court's factual determinations will not be set aside unless they are clearly erroneous. *See Mellon Bank, N.A. v. Metro Comm., Inc.*, 945 F.2d 635, 641 (3d Cir. 1991), *cert. denied*, 503 U.S. 937, (1992). Conversely, a Bankruptcy Court's conclusions of law are subject to plenary review. *See id.* Mixed questions of law and fact are subject to a "mixed standard of review." *See id.* at 641-42. Under this "mixed standard of review," the appellate court accepts findings of "historical or narrative facts unless clearly erroneous, but exercise[s] plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to historical facts." *Id.*

6. At the outset, the court questions ANC's decision not to request consolidation of this appeal with its appeal in *ANC Rental Corp., et al v. Tarrant County, et al.*, C.A. No. 04-1428 (GMS). Both appeals were filed on the same date, and ANC submitted its opening briefs in both cases on the same date. With the exception of the abstention issue, the legal issues on appeal in this case are virtually identical to those in *Tarrant County*. This is illustrated vividly in ANC's opening brief (D.I. 15), much of which is a word-for-word copy of its appellate brief in *Tarrant County*. For instance, both briefs include identical paragraphs that

close with the phrase "Heads, the tax office wins, tails you lose." (D.I. 15 at 13.) Submitting repetitive briefs and redundant appeals to the court is a waste of already-scarce judicial time and resources. ANC would be well advised to seek to consolidate such appeals in the future.

7. ANC appeals the Bankruptcy Court's decision in two respects. First, ANC contends that the Bankruptcy Court abused its discretion in abstaining from hearing the 2001 unpaid taxes claim. Additionally, ANC contends that the Bankruptcy Court erred in dismissing its claims based on the 1999 and 2000 tax years.

8. After reviewing the decision of the Bankruptcy Court under a mixed standard of review, the court finds that the Bankruptcy Court properly granted DCAD's motion to abstain. Courts have adopted a six factor test to determine whether a bankruptcy court should abstain from hearing a tax issue: 1) the complexity of the tax issue; 2) the need to administer the bankruptcy case in an orderly and efficient manner; 3) the burden on the bankruptcy court's docket; 4) the length of time required for trial and decision; 5) the asset and liability structure of the debtor; and 6) the prejudice to the debtor and the potential prejudice to the taxing authority. *In re Beisel*, 195 B.R. 378, 380 (Bankr. S.D. Ohio 1996).

9. The Bankruptcy Court concluded that the first, third, fourth, fifth, and sixth factors weighed in favor of abstention. In reaching its conclusion, the Bankruptcy Court determined that it would have to evaluate expert testimony on the value of the properties in question, evidence as to how similar properties are valued, and how much (if at all) those values changed during each of the three years in question for each of the accounts in dispute. In addition to these factual issues, the Bankruptcy Court would have to examine legal issues such as whether vehicles licensed outside Texas may be taxed in Texas. Furthermore, the Bankruptcy Court

found that the case involves several debtors with complex asset and liability structures. Finally, the Bankruptcy Court concluded that the Texas-based tax authorities could be significantly prejudiced by having these tax issues determined by a court in Delaware rather than a court in Texas. Seeing no reason to overturn the Bankruptcy Court's findings, the court agrees that the tax issues involved in this case are quite complex (factor 1), that this case would place a significant burden on the court's docket (factor 3), that the length of time that would be required to complete such a trial could be considerable (factor 4), that the asset and liability structure of ANC is complex (factor 5), and that the taxing authorities would be prejudiced.

10. With respect to the second factor, the Bankruptcy Court found that it weighs against abstention. The court agree with this finding, but concludes (as did the Bankruptcy Court) that it does not weigh so heavily against abstention as to overcome the strong arguments for abstention presented by the other factors. Accordingly, the court will affirm the Bankruptcy Court's ruling on DCAD's motion to abstain.[1]

11. ANC also appeals the Bankruptcy Court's dismissal of its claims seeking recovery for the 1999 and 2000 tax year. The court will affirm the Bankruptcy Court's ruling that the case should be dismissed for the reasons set out in its opinion in *Tarrant County*.

---

[1] Because the court agrees with the Bankruptcy Court's decision to abstain from hearing this case, the court need not address DCAD's cross-appeal challenging the Bankruptcy Court's denial of its Motion to Dismiss.

For the reasons stated above, the court finds that the Bankruptcy Court properly dismissed ANC's complaint. Therefore, it is hereby ordered that:

1. The October 8, 2004 Order of the Bankruptcy Court is AFFIRMED.

Dated: September 24, 2007

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

SEP 2 4 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE